IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOROTHY N. STEVENSON | : | |
| Plaintiff, | | |
| | | CIVIL ACTION |
| v. | : | NO. 14-4073 |
| | | |
| WAL-MART STORES, INC. | | |
| Defendant. | : | |

**MEMORANDUM**

**Jones, II       J.**                                                                               **January 12, 2015**

## I.   Introduction

Plaintiff, Dorothy N. Stevenson, is an adult individual residing in Perkasie, Pennsylvania. (Compl. ¶ 1.)   On January 1, 2014, Ms. Stevenson was a business invitee of the Wal-Mart Supercenter located at 1515 Bethlehem Pike in Hatfield, Pennsylvania.   (Compl. ¶¶ 4, 5.)   Plaintiff alleges that she tripped and fell over "an empty black display shelf" while inside the Wal-Mart Supercenter.   (Compl. ¶ 7.)   Ms. Stevenson allegedly sustained severe injuries, "including but not limited to contusions to her left arm and left leg, a non-displaced fracture in her left femur, and a fracture of her left hip."   (Compl. ¶ 14.)   As a result of these injuries, Plaintiff alleges that she "has been significantly inconvenienced and unable to attend to her life's activities and has been deprived of her previous ability to enjoy life's pleasures."   (Compl. ¶ 17.)

Defendant, Wal-Mart Stores, Inc., is a Delaware corporation authorized to do business in Pennsylvania.   (Compl. ¶ 2; Removal Notice ¶ 11.)   Its principal place of business is located in

Bentonville, Arkansas.  (Compl. ¶ 2.)  Wal-Mart Stores, Inc. operates and manages the Wal-Mart Supercenter located at 1515 Bethlehem Pike in Hatfield, Pennsylvania.  (Compl. ¶ 4.)

On June 12, 2014, Plaintiff commenced suit against Defendant via Civil Action Complaint in the Court of Common Pleas of Philadelphia County. (Compl. ¶¶ 10-18.)  In said Complaint, Plaintiff asserted a claim for negligence and sought damages "in excess of $50,000."  (Compl. ¶ 18.)  Defendant asked Plaintiff to execute a Stipulation to Limit Damages to less than $75,000 on or before June 30, 2014.  (Removal Notice, Ex. B.)  Plaintiff did not respond to this request.  *Id.*  On July 3, 2014, Defendant filed a Notice of Removal to this Court.  (Removal Notice ¶¶ 1-20; 28 U.S.C. § 1332(a)).

Presently before the court is the Plaintiff's Motion to Remand to the Court of Common Pleas of Philadelphia County on grounds that the Defendant has not met its burden of establishing that the amount in controversy exceeds $75,000.  (Pl.'s Mot. Remand ¶ 13.)  Pursuant to 28 U.S.C. § 1447(c), Plaintiff also seeks attorney's fees in the amount of $1,000.00.  For the reasons set forth below, Plaintiff's Motion shall be granted in part and denied in part.

II.   DISCUSSION

A.   Removal and Remand

"Except as otherwise expressly provided by Act of Congress, any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441.   District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

2

interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Corporations are citizens of their State or State(s) of incorporation and the State where its principal place of business is located. 28 U.S.C. § 1332(c)(1).

The Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. 394, P.L. 112-63, standardized how courts evaluate the amount in controversy requirement for removal actions.[1] This provision, codified at 28 U.S.C. § 1446(c)(2), states that the "sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).[2] If the initial pleading seeks "nonmonetary relief" or "the State practice does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," then "removal of the action is proper . . . if the district court finds, by a *preponderance of the evidence*, that the amount in controversy exceeds [$75,000]." *Id.* (emphasis added).

"The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (citing *Packard v. Provident National Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

---

[1] S*ee Heffner v. LifeStar Response of N.J.*, Civ. No. 13-0194, 2013 U.S. Dist. LEXIS 139176, at *10 (E.D. Pa. Sept. 13, 2013) (discussing Federal Courts Jurisdiction and Venue Clarification Act); *Frank Bryan, Inc. v. CSX Transp., Inc.*, Civ. No. 13-363, 2013 U.S. Dist. LEXIS 54300, at *5 (W.D. Pa. Apr. 15, 2013) (same).

[2] Said provision applies to all cases filed after January 6, 2012.

Because Defendant removed this case to federal court, it bears the burden of establishing jurisdiction. *Samuel-Bassett*, 357 F.3d at 396. Defendant is a citizen of both Delaware and Arkansas, its state of incorporation and principal place of business, respectively. (Removal Notice ¶ 11.) Plaintiff is a citizen of Pennsylvania. (Compl. ¶ 1.) The parties are therefore diverse.[3] However, Plaintiff contends that the Defendant has not satisfied the amount in controversy requirement for removal. (Pl.'s Mot. Remand ¶ 11.) As previously noted, Plaintiff's Complaint seeks damages "in excess of $50,000." (Compl ¶ 18.) Additionally, Plaintiff rebuffed a request by Defendant to stipulate that damages were limited to $75,000. (Removal Notice ¶¶ 3-4.) Accordingly, Defendant asserts the amount in controversy is satisfied by Plaintiff's refusal to stipulate and Defendant's subjective belief as to the value of Plaintiff's claims. (Def.'s Opp'n Br. at 3, 8-10.)

Pennsylvania Rules of Civil Procedure state that "[a]ny pleading demanding relief for unliquidated damages shall not claim any specific sum." Pa. R. Civ. P. 1021(b). Therefore, Plaintiff's failure to demand a specific sum falls within the exception provided in 28 U.S.C. § 1446(c)(2)(A)(ii), and Defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2). In doing so, a defendant must be mindful that "estimations of the amounts recoverable must be realistic. The inquiry should be objective and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts . . ." *Samuel-Bassett*, 357 F.3d at 403.

Plaintiff's refusal to stipulate that her damages were limited to $75,000 does not satisfy the amount in controversy requirement. Courts within this District have refused to give conclusive

---

[3] Plaintiff does not dispute that the parties are diverse. (Pl.'s Mot. Remand at 2 fn.1.)

4

effect to a plaintiff's refusal to so stipulate.  *See Cardillo v. Wal-Mart Stores, Inc.,* Civ. No. 14-1586, 2014 U.S. Dist. LEXIS 162900, at *4 (W.D. Pa. November 21, 2014) (recognizing that "[c]ourts, including this one, have universally rejected the notion that a plaintiff's failure to stipulate that he is seeking damages below the jurisdictional amount is, on its own, enough to create federal jurisdiction ─ very often in cases involving Wal-Mart."); *Ricketts v. Wal-Mart Stores East, LP,* Civ. No. 13-7585, 2014 U.S. Dist. LEXIS 75859, at *10-11 (E.D. Pa. June 3, 2014) (concluding that for purposes of assessing amount in controversy, "a plaintiff's refusal to enter into a stipulation is not determinative as to the value of damages."); *Martino v. Hartford Ins. Co.,* Civ. No. 14-1953, 2014 U.S. Dist. LEXIS 57066, at *8 (E.D. Pa. Apr. 23, 2014) (finding that "[t]he lack of stipulation does not undermine the limited damages apparent in Plaintiff's complaint."); *Lewis-Hatton v. Wal-Mart Stores East, LP,* Civ. No. 13-7619, 2014 U.S. Dist. LEXIS 15419, at * (E.D. Pa. Feb. 7, 2014) (acknowledging that a defendant cannot sustain its burden of proof regarding amount in controversy by relying upon a plaintiff's refusal to sign a stipulation regarding same); *Fosbenner v. Wal-Mart Stores, Inc.*, Civ. No. 01-3358, 2001 U.S. Dist. LEXIS 16695, at *7 (E.D. Pa. Oct. 12, 2001) (rejecting Wal-Mart's argument that a plaintiff's failure to sign a stipulation limiting damages, coupled with their own subjective assessment of the value of the injuries complained of, was sufficient to sustain their burden); *TJS Brokerage & Co., Inc. v. CRST, Inc.*, 958 F.Supp. 220, 222 (E.D. Pa. 1997) (concluding that there is no requirement that a Plaintiff stipulate to the amount in controversy).

   Putting aside the stipulation issue, Defendant herein relies upon its own "independent investigation" regarding the nature of the injuries alleged in Plaintiff's Complaint to conclude that "Plaintiff's damages *may* exceed $75,000." (Def.'s Opp'n Br. at 3) (emphasis added).  However,

5

Defendant provides this Court with nothing specific from their own "investigation" and instead, puts forth a subjective appraisal of Plaintiff's claims based on what it attributes to be the "seriousness" of her injuries.  This is simply not sufficient.  *See Cardillo,* 2014 U.S. Dist. LEXIS 162900, at *3-4 (finding Defendant's statement that "*it is believed* that the amount in controversy is in excess of $75,000" to be insufficient proof by preponderance when Defendant failed to submit any actual evidence to the court to establish same).

In *Penn v. Wal-Mart Stores, Inc.*, the plaintiff alleged negligence for a slip and fall injury she sustained in a Wal-Mart store.  *Penn v. Wal-Mart Stores, Inc.*, 116 F.Supp.2d 557, 559 (D. N.J. 2000).  The complaint did not specify damages.  *Id.*  Wal-Mart cited the serious medical injuries sustained by the plaintiff in support of its contention that the amount in controversy was satisfied. *Id.* at 560.  Applying the preponderance of the evidence standard, the court held that "general statements" that the plaintiff suffered severe injuries did not satisfy the burden of proof.  *Id.* at 568.  The court in *Fosbenner* reached the same conclusion regarding very similar facts, finding in pertinent part:

> Wal-Mart has produced no evidence beyond the pleadings and plaintiffs' failure to agree to sign an affidavit to support defendant's contention that the jurisdictional threshold has been reached. Wal-Mart's  argument rests on the assumption that plaintiffs' refusal to sign the affidavit is an admission that the value of the claim exceeds $75,000. The defendant also notes that plaintiffs have claimed serious, permanent and severe injuries and that these injuries, with attendant medical bills, suggest that the damages, if proven, will exceed $75,000. An allegation of severe and serious injuries, however, does not automatically translate into the likelihood that the damages will be more than $75,000.   While Wal-Mart need   not assume the task of proving the entire extent of plaintiffs' damages, it must give the Court something more than tenuous inferences and assumptions if it hopes to sustain its burden of proof. Wal-Mart has simply failed to show that it is more likely than not that Ms. Fosbenner's negligence claim, Mr. Fosbenner's loss of consortium claim, or even the aggregation of the two claims exceed $75,000.

*Fosbenner*, 2001 U.S. Dist. LEXIS 16695, at * 7-8 (internal citations omitted).

In the case *sub judice*, Defendant's speculation as to Plaintiff's damages similarly does not sustain the burden.   The Third Circuit has cautioned that "removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'"   *Boyer v. Snap-on-Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citation omitted).   To that end, "'if this Court has to guess' at whether the jurisdictional threshold has been met, then the 'defendant has not proved its point.'"   *Scott v. Wal-Mart Stores, Inc.*, 2013 U.S. Dist. LEXIS 152817, at *4 (D.N.J. Oct. 23, 2013) (quoting *Valerio v. Mustabasic*, Civ. No. 07-534, 2007 U.S. Dist. LEXIS 103030, at * 11 (D.N.J. Sept. 21, 2007) (internal citations omitted)).

In view of the foregoing, the instant matter shall be remanded to the Court of Common Pleas of Philadelphia County.

B.   Attorney's Fees

Plaintiff additionally seeks attorney's fees to compensate for the cost incurred in preparing the instant Motion.   "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."   28 U.S.C. § 1447(c).   "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."   *Lott v. Duffy*, 579 F. App'x 87, 90 (3d Cir. 2014) (quotation marks and citations omitted).   In making this determination, the court considers "the reasonableness of the removal."   *Id.*

7

Although questionable, this Court cannot conclusively find that Defendant did not have an objectively reasonable basis for seeking removal.  The same may not be said for future cases that are presented to this Court on the same bases.  However, for purposes of this particular case, Plaintiff's request for attorney's fees shall be denied.

III.     Conclusion

For the reasons set forth hereinabove, Plaintiff's Motion for Remand shall be granted and her request for attorney's fees shall be denied.

An appropriate Order follows.

BY THE COURT:

 /s/   C. Darnell Jones, II              J.